WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ArmorWorks Enterprises, LLC, an Arizona limited liability company and PTI Materials, LLC, a Delaware limited liability company,<br><br>  Plaintiffs,<br><br>vs.<br><br>PTI Armor Systems, LLC, a California limited liability company; Andrew Park, a citizen of Virginia; Alexander Park, a citizen of California; and David Park, a citizen of California,<br><br>  Defendants.<br><br>AND RELATED CLAIMS | No. 05-1373-PHX-ROS<br><br>**OPINION AND ORDER** |

Pending before the Court is Plaintiffs ArmorWorks Enterprise and PTI Materials' Motion to Dismiss Counterclaims or, in the alternative, for an Order Requiring Counterclaimants to Join David Park. (Doc. 4) For the following reasons, that motion will be denied as moot.

## BACKGROUND

Plaintiffs filed their complaint on May 9, 2005. Defendants PTI Armor Systems, Andrew Park, and Alexander Park filed their answer on June 27, 2005. Defendant David Park did not join in that answer. Included in the answer were a number of counterclaims.

On July 21, 2005, Plaintiffs filed their motion seeking either dismissal of the counterclaims or an order requiring the joinder of David Park. That motion was based on "counterclaimants' failure to join an indispensable party, David Park, as required by [Federal Rule of Civil Procedure] 19." (Doc. 4) David Park had not been served at the time the motion was filed.

In response to the motion requesting dismissal or joinder, counterclaimants stated that David Park was "neither an indispensable nor a necessary party for the adjudication." (Doc. 7) The counterclaimants also stated, however, that they had no objection to the Court ordering David Park joined. On September 9, 2005, David Park's attorney filed an Acceptance of Service of Process stating that the attorney accepted service of the summons and complaint on behalf of David Park. (Doc. 14) Thus, as of that date David Park was a party to this action as a defendant. In their reply Plaintiffs' abandoned the request that the court join David Park. Instead, Plaintiffs asserted that the Court must dismiss the relevant counterclaims because David Park was not joined at the time the counterclaims were filed. Counterclaimants subsequently filed a document pointing out that "the court need not order that David Park be joined as a party because he has already been made a defendant."[1] Therefore, according to counterclaimants, Plaintiff's original motion requesting dismissal of the counterclaims or joinder of David Park was moot.

## ANALYSIS

Plaintiffs' original motion was explicitly based on Federal Rule of Civil Procedure 19. That Rule states, in relevant part,

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) *in the person's absence* complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating

---

[1] This document was titled "Defendants/Counterclaimants' Reply in Support of Motion for an Order Joining David Park and Notice of Mootness." Counterclaimants had already filed a response to Plaintiffs' motion but Plaintiffs did not object to counterclaimants further reply.

> to the subject of the action and is so situated that the disposition of the action *in the person's absence* may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

(Emphasis added.)

Pursuant to the plain language of the Rule, only *absent* parties are subject to joinder. Cases construing Rule 19 make this point clear. For example, the Ninth Circuit has held that "Rule 19 is designed to protect the interests of *absent parties* . . . from multiple litigation, inconsistent judicial determinations or the impairment of interests or rights." CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 911 (9th Cir. 1991) (emphasis added). Also, in E.E.O.C. v. Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir. 2005), the court observed that "[a]bsentees whom it is desirable to join under Rule 19(a) are 'persons having an interest in the controversy, and who ought to be made parties, in order that the court may act.'" (quoting Shields v. Barrow, 58 U.S. 130, 139 (1854)). In this case, David Park had not been served when Plaintiffs made their initial request for joinder. But David Park has subsequently been served and filed an answer. Therefore, David Park can no longer be considered an absent party. The Court is not aware of any authority supporting Plaintiffs' argument that Rule 19 has any application to a party already participating in the litigation. Plaintiffs' request for joinder is moot because David Park is a party to the action. Accordingly, Plaintiffs' motion will be denied.

IT IS ORDERED that Plaintiffs' Motion to Dismiss Counterclaims (Doc. # 4) is DENIED.

DATED this January 4, 2006

Roslyn O. Silver
United States District Judge

- 3 -